UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| **CIMATRON GIBBS LLC,** | § |
| | §   Cause No. |
| Plaintiff, | § |
| | § |
| v. | § |
| | § |
| **MCR MANUFACTURING AND WELDING, INC.** | § |
| | § |
| and | § |
| | § |
| **RAYMUNDO V. MALDANADO,** | § |
| | §   **JURY TRIAL DEMANDED** |
| Defendants. | § |

**COMPLAINT
FOR COPYRIGHT INFRINGEMENT AND
VIOLATIONS OF THE DIGITAL MILLENNIUM COPYRIGHT ACT**

Plaintiff Cimatron Gibbs LLC ("GibbsCAM") brings this action against MCR Manufacturing and Welding, Inc. and Raymundo V. Maldanado (collectively "Defendants") for copyright infringement and violations of the Digital Millennium Copyright Act's ("DMCA") anti-circumvention prohibitions, and shows the following:

**INTRODUCTION**

1. This is a civil action seeking damages and injunctive relief arising out of the violation of GibbsCAM's intellectual property rights by Defendants MCR Manufacturing and Welding, Inc. ("MCR") and Raymundo V. Maldanado ("Maldanado").

2. GibbsCAM is in the business of developing innovative solutions for manufacturing, toolmaking and CNC programming applications in the automotive, aerospace, consumer electronics, toys, medical, optics and telecom industries. Among the software programs

1

developed and licensed by GibbsCAM in connection with its business is software known simply as GibbsCAM, a cutting-edge computer-aided manufacturing ("CAM") system for programming CNC machine tools that can drive CNC milling, turning, mill-turn or wire EDM machines performing 2-axis turning and 2.5 axis milling, to 3-, 4- and 5-axis simultaneous and the most complex multi-spindle, multi-turret, multi-tasking and Swiss-style MTM machines. GibbsCAM is world renowned.

3. GibbsCAM is the owner of copyright in artistic and literary works comprising the source code and object code versions and associated user documentation of the GibbsCAM software suite (the "Copyrighted Works"). GibbsCAM releases regular updates and new versions of its software products, including the GibbsCAM software comprising the Copyrighted Works. The "Copyrighted Works" are protected by at least U.S. Copyright Registration No. TX0009400986.

4. GibbsCAM licenses its highly valuable GibbsCAM Software to its customers. GibbsCAM prevents unauthorized access of the GibbsCAM Software through the use of technological measures. GibbsCAM's license agreement, which all users see on their computer screens and to which all users must agree to in order to use the GibbsCAM Software, states the GibbsCAM Software may collect information to determine if modifications to certain code files have been made or if there is suspected or confirmed unauthorized access to or use of the GibbsCAM Software.

5. Defendant MCR is a machine shop in Houston, Texas. Neither MCR nor Defendant Maldanado has a license to GibbsCAM.

6. Despite not having a license to GibbsCAM, Defendant MCR's employee (and son of MCR's owner) Defendant Raymundo V. Maldanado downloaded and used a pirated version of

GibbsCAM more than 350 times in or near MCR's facility. As described more fully below, Defendant Maldanado's downloading and use of pirated GibbsCAM software constitutes direct copyright infringement and DMCA violations, and Defendant MCR committed vicarious and contributory copyright infringement by Maldanado's use of pirated GibbsCAM Software for its benefit. GibbsCAM files this suit to protect its valuable intellectual property rights.

## THE PARTIES

7.  Cimatron Gibbs LLC is a California limited liability corporation with a principal place of business located at 2545 W. Hillcrest Dr. Suite 210, Thousand Oaks, CA 91320 USA. GibbsCAM does business in this district and throughout the State of Louisiana.

8.  MCR Manufacturing and Welding, Inc. is a Texas corporation with a principal place of business located at 6241 Nunn Street, Houston, Texas 77087-5126. MCR does business in this district.

9.  On information and belief, Raymundo V. Maldanado is an individual domiciled in this district and an employee of Defendant MCR.

## JURISDICTION AND VENUE

10. GibbsCAM brings its copyright infringement claims under 17 U.S.C. §§501 *et seq*. and its DMCA violation claim under 17 U.S.C. §§1201 *et seq*. This Court has original and exclusive jurisdiction over the subject matter of this Complaint pursuant to 28 U.S.C. §§ 1331 and 1338(a).

11. Venue and personal jurisdiction in this District are proper under 28 U.S.C. §§ 1391(b)-(c) and/or 28 U.S.C. § 1400(a). MCR is domiciled in this district and the piracy of GibbsCAM Software is believed to have occurred in this District. Maldanado is an individual

3

domiciled in this District, and/or a substantial part of the acts of infringement complained of herein occurred in this District.

## BACKGROUND FACTS

**A.     How GibbsCAM Software is Legally Purchased and Operated**

12.     GibbsCAM generally sells perpetual licenses and maintenance subscriptions to GibbsCAM Software.  As long as a maintenance subscription is maintained, the customer has access to and may download updates and subsequent versions of the GibbsCAM Software, as well as associated user documentation.

13.     To purchase a license to GibbsCAM Software, a customer must issue a purchase order to GibbsCAM or to an authorized reseller or sign an agreement.  To download GibbsCAM Software from GibbsCAM, a customer must log in through their GibbsCAM account.  Once GibbsCAM has obtained a signed contract or payment from the customer, the customer can log in to customer portal and download the executable files for the licensed GibbsCAM Software.

14.     Once GibbsCAM has obtained a signed contract or payment from the customer, in a separate email, or through a download from the customer portal, GibbsCAM sends the customer a license key for the customer's copy of the purchased GibbsCAM Software.  The license key is readable by the licensing tools that are integrated directly into the GibbsCAM Software and facilitates GibbsCAM Software license compliance for its products.

15.     When a user installs an GibbsCAM Software program, and specifically when the user runs the executable files associated with the setup of an GibbsCAM Software program, a local copy of the GibbsCAM Software (the usable, object code version thereof) is created on the user's machine.

**B.      Piracy of GibbsCAM Software**

16.     Piracy of software occurs when users download, access, and reproduce software for which they have not purchased a valid license.  The ease of digital replication of software lends itself to illegal copying of software, where users may make multiple copies of a software program, and then distribute the copies to users who have not made a legal purchase of a license to the software (*i.e.*, either distributing copies of the software for free or selling the copies of the software at deeply discounted prices).

17.     To reduce the use of illegally copied software, software providers, including GibbsCAM, implement license verification technology that will prevent the software from functioning unless the user has legally purchased a license.  This license verification technology may be a software mechanism, or a physical mechanism attached to a single computer.  The license verification technology may be in the form of either a license key (*i.e.*, a series of numbers and letters sometimes stored in a computer file) that a user types in or that the software reads from a file during the software installation or launch process, or a hardware device, where the software will only operate correctly when the hardware device is attached to the computer executing the software.  The license verification technology and the license key are provided by the software provider to the buyer when the software is purchased legally.  Users who have not made a legitimate purchase of a software license will not have access to the license key or hardware device provided by the software provider, and therefore the software will not function properly.

18.     Software hackers reverse engineer the technological measures used to control access to the software and then provide processes and utilities to bypass the license verification technology, thus allowing unauthorized use of the software.  The hackers' processes and utilities mimic the license verification technology (*e.g.*, keys, hardware devices, *etc.*) and allow pirated

software to function as fully as legally purchased software. Software utilities that mimic the license verification technology are often referred to as "cracked" licenses. Software hackers may also create hacked versions of the software such that a license is not needed during installation.

19. Sophisticated websites exist where illegally obtained software, the software utilities that mimic the license verification technology, and hacked versions of the software may be downloaded and installed by those who do not want to pay for properly licensed software. Each hacked version of the software represents a lost sale and/or license for the company that owns the software and for resellers of the software (who may provide hardware installation and support, and software configuration, customization, and maintenance).

20. Software that has been hacked or modified to use a cracked license may also contain malware that can damage computer systems, and/or infiltrate the computer network and the data on the network. Software that has been hacked also may not operate properly, negatively impacting the reputation of the software company that now has no oversight or control over the quality of the hacked versions of its software in use or the products produced by that software.

21. Pirated versions of the GibbsCAM Software cannot be downloaded and installed accidentally or innocently. Rather, downloading and installing pirated GibbsCAM Software is a multi-step process that requires willful and deliberate action to circumvent technological measures that are put in place to deter and detect such conduct.

    **C.**    **Piracy Detection and Reporting Security Software**

22. Piracy Detection and Reporting Security Software ("PDRSS") exists to identify instances of pirated software in use and provides the identity and location of organizations utilizing the pirated software to the software providers. Identification of pirated software allows the software providers to take legal action against intentional software piracy, notifying organizations

and individuals of the illegal use of the software (and the potential malware problems that can accompany pirated software), and sell valid software licenses in the place of the previously illegally obtained software programs to recoup lost sales. GibbsCAM identifies pirated software in use through PDRSS which, along with the license verification technology, is a component of the technological measures used to control access to the software.

23.　　Software providers, such as GibbsCAM, embed the PDRSS within their software, validate the patterns and thresholds will trigger on pirated software.

24.　　Data reported from the embedded PDRSS generates a report that identifies, among other things, the software that has been pirated and the organizations utilizing the pirated software. Through the technological measures used to control access to the software, GibbsCAM collects this identifying information to determine when pirated and unlicensed versions of its GibbsCAM Software are being utilized.

### D.　Defendants' Use of Pirated GibbsCAM Software

25.　　GibbsCAM collects a large volume of data through the use of PDRSS that must be reviewed, analyzed, and investigated to determine and confirm the source of the infringement. Through review, analysis, and investigation of the PDRSS data (which included a list of specific IP addresses for each unauthorized installation, use, and reproduction), GibbsCAM discovered that Defendants used unlicensed and pirated GibbsCAM Software,.

26.　　Defendant Maldanado committed direct copyright infringement and DMCA violations when he downloaded pirated GibbsCAM Software, circumvented technological measures protecting the software, and used the unlicensed GibbsCAM Software in Defendant MCR's business. Defendant MCR committed vicarious and contributory copyright infringement and was unjustly enriched by Maldanado's use of pirated GibbsCAM Software for its benefit.

27. As a direct and proximate result of Defendants' acts of infringement, GibbsCAM has suffered damages and will continue to suffer damages through loss of substantial licensing revenue, and diminishment of the exclusivity, inherent value, and marketability of the GibbsCAM Software.

28. As a direct and proximate result of Defendants' acts of infringement, GibbsCAM has suffered and continues to suffer irreparable harm for which there is no adequate remedy at law.

## THE INFRINGED COPYRIGHT

29. GibbsCAM Software is protected by U.S. copyright registrations.

30. GibbsCAM owns U.S. Copyright Registration No. TX0009400986, registered on May 31, 2024, to Cimatron Gibbs LLC and titled "GibbsCAM 2024" ("GibbsCAM Copyrighted Software"). Attached as Exhibit 1 is a true and correct printout from the U.S. Copyright Catalog for U.S. Copyright Reg. No. TX0009400986.

## COUNT 1
## DIRECT COPYRIGHT INFRINGEMENT OF
## U.S. COPYRIGHT REG. NO. TX0009400986
### (Defendant Raymundo V. Maldanado)

31. GibbsCAM incorporates the previous paragraphs of this Complaint by reference and realleges them as originally and fully set forth here.

32. GibbsCAM owns U.S. Copyright Reg. No. TX0009400986, which covers GibbsCAM.

33. Defendant Raymundo V. Maldanado knowingly and intentionally used a pirated copy of GibbsCAM Copyrighted Software for months, beginning as early as May 2024. The PDRSS data collected for Maldanado's pirated use included Wi-Fi geolocation data at or near MCR's facility. Downloading and using pirated software is not done accidentally. In doing so,

Defendant Maldanado willfully infringed U.S. Copyright Reg. No. TX0009400986 and will continue to do so unless enjoined by this Court.

34. As a direct and proximate result of Defendant Maldanado's infringing acts, GibbsCAM has suffered and will continue to suffer injury and damages, including loss of substantial licensing revenue and diminishment of the exclusivity, inherent value, and marketability of the GibbsCAM Copyrighted Software. Unless such acts and practices are enjoined by the Court, GibbsCAM will continue to be injured in its business and property rights and will suffer and continue to suffer injury and damages, which are causing irreparable harm and for which GibbsCAM is entitled to relief.

35. Accordingly, Defendant Maldanado has violated 17 U.S.C. § 501, and this violation is willful.

36. As a result of Defendant Maldanado's infringement, GibbsCAM is entitled to actual damages and any additional profits of Defendant Maldanado pursuant to 17 U.S.C. § 504(a)-(b) or statutory damages pursuant to 17 U.S.C. § 504(c).

37. GibbsCAM is entitled to costs, including reasonable attorneys' fees, pursuant to 17 U.S.C. § 505.

38. As a result of Defendant Maldanado's infringement of GibbsCAM Copyrighted Software and its exclusive rights under copyright, GibbsCAM is also entitled to injunctive relief prohibiting Defendant Maldanado from further infringing GibbsCAM's copyright.

## COUNT 2
## VICARIOUS COPYRIGHT INFRINGEMENT OF
## U.S. COPYRIGHT REG. NO. TX0009400986
### (Defendant MCR)

39. GibbsCAM incorporates the previous paragraphs of this Complaint by reference and realleges them as originally and fully set forth here.

40. To show vicarious infringement, a plaintiff must prove that a defendant: (1) has a direct financial interest in the infringing activity; and (2) has the right and ability to supervise the activity which causes the infringement. Intent or knowledge of the infringement is not an element of a claim for vicarious liability.

41. Defendant Maldanado downloaded and used a cracked copy of GibbsCAM Copyrighted Software for months, beginning as early as May 2024. The PDRSS data collected for Maldanado's pirated use included Wi-Fi geolocation data at or near MCR's facility. Defendant Maldanado's actions directly infringed GibbsCAM U.S. Copyright Reg. No. TX0009400986.

42. Defendant Maldanado's infringing conduct consisted of hours of active time using the GibbsCAM Copyrighted Software over various sessions. On information and belief, Defendant Maldanado was employed by Defendant MCR.

43. Defendant MCR had a direct financial interest in Defendant Maldanado's infringing use of GibbsCAM Copyrighted Software. On information and belief, Defendant Maldanado illegally used GibbsCAM Copyrighted Software for the benefit of Defendant MCR. Defendant MCR profited from its employee Maldanado's direct infringement of U.S. Copyright Reg. No. TX0009400986.

44. Further, as its employee, Defendant MCR had the right and ability to supervise Defendant Maldanado's direct infringement. Defendant MCR had the right and ability to prevent

its employee from using pirated software for work related purposes. Defendant MCR failed to supervise Defendant Maldanado.

45. Accordingly, Defendant MCR committed vicarious copyright infringement under 17 U.S.C. § 501.

46. As a result of the vicarious copyright infringement by Defendant MCR, GibbsCAM is entitled to actual damages and any additional profits of MCR pursuant to 17 U.S.C. § 504(a)-(b) or statutory damages pursuant to 17 U.S.C. § 504(c).

47. GibbsCAM is entitled to costs, including reasonable attorneys' fees, pursuant to 17 U.S.C. § 505.

48. As a result of Defendant MCR's infringement of GibbsCAM Copyrighted Software and its exclusive rights under copyright, GibbsCAM is also entitled to injunctive relief prohibiting Defendant MCR from further infringing GibbsCAM's copyright.

## COUNT 3
## CONTRIBUTORY COPYRIGHT INFRINGEMENT OF
## U.S. COPYRIGHT REG. NO. TX0009400986
## (Defendant MCR)

49. GibbsCAM incorporates the previous paragraphs of this Complaint by reference and realleges them as originally and fully set forth here.

50. A defendant may be held liable for contributory copyright infringement if, with knowledge of the infringing activity, it materially contributes to the infringing conduct of another. A claim for contributory infringement does not require a showing that the defendant intended to foster infringement. To establish a "material contribution" claim, a plaintiff must show that the

11

defendant (1) had actual or constructive knowledge of the infringing activity, and (2) encouraged or assisted others' infringement, or provided machinery or goods that facilitated infringement.

51. Defendant Maldanado downloaded and used a cracked copy of GibbsCAM Copyrighted Software for months, beginning as early as May 2024. The PDRSS data collected for Maldanado's pirated use included Wi-Fi geolocation data at or near MCR's facility. Defendant Maldanado's actions directly infringed GibbsCAM U.S. Copyright Reg. No. TX0009400986.

52. Defendant Maldanado's hours of use of cracked GibbsCAM Copyrighted Software is consistent with business use for an employer, not personal use.

53. On information and belief, MCR had at least constructive – and likely actual – knowledge of Defendant Maldanado's infringing activity based on the nature of the infringing conduct.

54. On information and belief, MCR encouraged or assisted in Defendant Maldanado's infringement so he could perform his job duties. In order for Defendant Maldanado to do his machining job with pirated software, MCR provided him with at least a computer and machining machinery to use pirated GibbsCAM software to do his job.

55. Accordingly, Defendant MCR committed contributory copyright infringement under 17 U.S.C. § 501.

56. As a result of MCR's contributory copyright infringement, GibbsCAM is entitled to actual damages and any additional profits of Defendant MCR pursuant to 17 U.S.C. § 504(a)-(b) or statutory damages pursuant to 17 U.S.C. § 504(c).

57. GibbsCAM is entitled to costs, including reasonable attorneys' fees, pursuant to 17 U.S.C. § 505.

58. As a result of Defendant MCR's contributory infringement of GibbsCAM

Copyrighted Software and its exclusive rights under copyright, GibbsCAM is also entitled to injunctive relief prohibiting Defendant MCR from further infringing GibbsCAM's copyright.

### COUNT 4
### VIOLATIONS OF DMCA
### (Defendants MCR and Raymundo V. Maldanado)

59. GibbsCAM incorporates the previous paragraphs of this Complaint by reference and realleges them as originally and full set forth here.

60. GibbsCAM uses technological measures to control access to and copying of its GibbsCAM Copyrighted Software, and to prevent unauthorized access and unauthorized copying.

61. On information and belief, Defendants Maldanado and MCR defeated the technological measures used to control access to the software every time he used the software, which has allowed Defendants Maldanado and MCR to access and copy the valuable GibbsCAM Copyrighted Software without authorization. Defendants cracked and used the GibbsCAM software more than 360 times in or near MCR's facility, of which 347 occurred after the registration date of the Copyrighted Works.

62. Defendants MCR's and Maldanado's conduct has caused, and unless enjoined will continue to cause, irreparable harm to GibbsCAM, for example, through loss of substantial licensing revenue and diminishment of the exclusivity, inherent value, and marketability of GibbsCAM Copyrighted Software.

63. Accordingly, Defendants MCR and Maldanado have violated 17 U.S.C. § 1201 and this violation is willful.

64. As a result of Defendants MCR's and Maldanado's unlawful circumvention, GibbsCAM is entitled to actual damages and any additional profits of Defendants pursuant to 17 U.S.C. § 1203(c)(2) or statutory damages pursuant to 17 U.S.C. § 1203(c)(3).

65. GibbsCAM is entitled to costs and reasonable attorneys' fees pursuant to 17 U.S.C. § 1203(b).

**PRAYER FOR RELIEF**

GibbsCAM respectfully asks this Court to summon each Defendant to appear and answer this Complaint, and after being heard on the merits, grant judgment in favor of GibbsCAM as follows as:

(a) Find Defendant Raymundo V. Maldanado liable for direct copyright infringement of U.S. Copyright Reg. No. TX0009400986;

(b) Find MCR Manufacturing and Welding, Inc. liable for vicarious copyright infringement of U.S. Copyright Reg. No. TX0009400986;

(c) Find MCR Manufacturing and Welding, Inc. liable for contributory copyright infringement of U.S. Copyright Reg. No. TX0009400986;

(d) Find each Defendants' copyright infringement was willful and knowing;

(e) Enter a preliminary and permanent injunction prohibiting all Defendants, and their agents, servants, and employees, and all persons acting in concert with or for them, from continuing to reproduce, distribute, display, disseminate, transmit, make available for download, or otherwise use GibbsCAM Copyrighted Software in any manner whatsoever appropriating or in violation of copyright;

(f) Order all Defendants and their agents, servants, and employees, and all persons acting in concert with or for them, to destroy all copies of GibbsCAM Copyrighted Software that Defendants have used and/or downloaded onto any computer hard drive or server without authorization and to destroy copies of that downloaded software transferred onto any physical medium or device in Defendants'

(g) Find Defendants for unlawful circumvention of technological measures used to control access to GibbsCAM Copyrighted Software in violation of the DMCA;

(h) Award GibbsCAM its actual damages and all Defendants' additional profits in an amount to be determined at trial;

(i) Award GibbsCAM statutory and other damages as provided under the Copyright Act and the DMCA;

(j) Order an accounting of the use and/or download by each Defendant of GibbsCAM Copyrighted Software;

(k) Order an accounting of any revenues or profits realized by or through each Defendants' use and/or download of GibbsCAM Copyrighted Software;

(l) Award GibbsCAM prejudgment and post judgment interest;

(m) Award GibbsCAM costs, attorneys' fees, and expenses arising from this suit; and

(n) Grant GibbsCAM such other relief as this Court deems just and proper.

## JURY DEMAND

In accordance with FED. R. CIV. P. 38 and 39, GibbsCAM asserts its rights under the Seventh Amendment to the United States Constitution and demands a trial by jury on all issues that may be so tried.

Dated: April 16, 2025                                          Respectfully submitted,

DANIELS & TREDENNICK PLLC

 /s/ John F. Luman III
John F. Luman III
Texas State Bar No. 00794199
Heath A. Novosad
Texas State Bar No. 24037199

Daniels & Tredennick PLLC
6363 Woodway, Suite 700
Houston, Texas 77057
(713) 917-0024 – Telephone
(713) 917-0026 – Facsimile
luman@dtlawyers.com

**COUNSEL FOR CIMATRON GIBBS LLC**
